# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Avenue, NW, #163<br>Washington, DC 20006.<br>  Plaintiff<br><br>  v.<br><br>THE OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street NW, Washington DC 20503; and THE U.S.<br>DEPARTMENT OF COMMERCE 1401 Constitution<br>Ave NW, Washington, DC 20230<br><br>  Defendants | Civil Action No. 17-2561 |

## **COMPLAINT**

1.      Plaintiff The Protect Democracy Project, Inc. ("Protect Democracy") brings this action against Defendants Office of Management and Budget ("OMB") and the U.S. Department of Commerce ("DOC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges as follows:

2.      The U.S. Constitution requires that a census be conducted every ten years, and the next decennial census, the 2020 Census, is fast approaching. Critical issues with the implementation of the 2020 Census have been widely publicized, but perhaps the most critical threat to the 2020 Census would be any attempted political interference.

3.      American democracy relies on an accurate, independent, and effective census for multiple reasons. Indeed, the integrity of the census, and of its leadership, goes directly to the heart of public confidence in our government.

4.      The decennial census determines how to apportion the House of Representatives among the states. U.S. Const. art. I, § 2, cl. 3. As the drafters of the Constitution understood, a representative government must know who it is representing. Similarly, the American public must have confidence that their representation in Congress is based on a fair and accurate census. Any political interference with the leadership, content, or conduct of the Census Bureau or 2020 Census poses a grave risk of corrupting our election process by creating an inaccurate and partisan apportionment base—the population of each state counted in the census and used as the basis for congressional apportionment.

5.      In addition, the open exchange of truthful information is a touchstone of a functioning democracy. The ability of ordinary citizens to make informed decisions about politicians and policy, to participate in robust public discourse, and to hold elected leaders accountable requires a baseline agreement about fundamental facts. No facts collected by the

federal government are more critical to the basic functioning of our democracy than the data collected by the Census Bureau. American law- and policy-makers must have an accurate understanding of the composition of the American public in order to create laws and policies that meaningfully serve that public. Inaccurate data, including undercounting of hard-to-count populations, overcounting of populations politically favorable to the party in power, and data collected in response to untested questions, undermines this essential value of the census. More importantly, an inaccurate census poses a danger to American democracy and its bedrock principle of government by the people, for the people.

6. For these reasons, the census has historically and rightly been conducted on an independent basis by non-political, professional staff. These staff have been isolated from interference by the White House and other political officials. Any change in this norm—that is, any politicization of the most important and complex data collection performed by the federal government—would represent a significant threat to the accuracy of the 2020 Census and a major step toward politicizing an agency that must, for the sake of our democracy, remain nonpartisan.

7. Maintaining the independence and integrity of the Census Bureau is particularly crucial because the 2020 Census is already at risk. The 2020 Census has been labeled a "high-risk" program by the U.S. Government Accountability Office ("GAO") due to rising costs and increased fraud and cybersecurity risks. *See* U.S. Government Accountability Office, *2020 Decennial Census* (Feb. 15, 2017), *available at* http://www.gao.gov/highrisk/2020_decennial _census/why_did_study ("GAO Report").

8. In addition, the accuracy of the 2020 Census is threatened by inadequate funding of the Census Bureau, including most recently the Trump Administration's manifestly insufficient budget request. *See* Ryan McCrimmon, *Congressional Funding an Issue for the*

*2020 Census*, Roll Call (Sept. 8, 2017), *available at* https://www.rollcall.com/news/policy/2020-census-congress-funding; Tara Bahrampour, *Commerce Secretary Requests Funding Increase for 2020 Census*, Wash. Post (Oct. 12, 2017), *available at* https://www.washingtonpost.com/local/social-issues/commerce-secretary-requests-funding-increase-for-2020-census/2017/10/12/b6f38fc8-af73-11e7-be94 fabb0f1e9ffb_story.html?utm_term=.54dfd27a2229. Funding uncertainty has resulted in cancelled testing and fears that hard-to-count populations will be undercounted. *See* U.S. Government Accountability Office, HIGH-RISK SERIES: Progress on Many High-Risk Areas, While Substantial Efforts Needed on Others (Feb. 15, 2017), *available at* http://www.gao.gov/assets/690/682765.pdf ("GAO Report") (noting the Census Bureau cancelled two 2017 field test operations "to mitigate risks from funding uncertainty," cancelled local outreach and hiring in Puerto Rico and three states, cancelled tests of mail-out strategies and non-response follow-up in Puerto Rico, cancelled tests of door-to-door enumeration, and cancelled plans to update its address list on Indian lands in three states). As a result, the efficacy and accuracy of the 2020 Census is at significant risk. Robert Shapiro, *The 2020 Census May be Wildly Inaccurate—and It Matters More Than You Think*, Brookings (Aug. 31, 2017), *available at* https://www.brookings.edu/blog/fixgov/2017/08/31/the-2020-census-may-be-wildly-inaccurate-and-it-matters-more-than-you-think/.

9. In addition, evidence has already emerged of a potential executive order regarding the census which, if issued, would undermine the census' important constitutional function in our democracy. In January 2017, a draft executive order surfaced that included a provision ordering the Director of the U.S. Census Bureau to "include questions to determine U.S. citizenship and immigration status on the long-form questionnaire in the decennial census." Memorandum from Andrew Bremberg to the President of the United States (Jan. 23, 2017), *available at* https://cdn0.vox-cdn.com/uploads/chorus_asset/file/7872567/Protecting_American

_Jobs_and_Workers_by_Strengthening_the_Integrity_of_Foreign_Worker_Visa_Programs.0.pdf. Census experts have made clear that the inclusion of such questions would have a significant negative impact on the accuracy of the 2020 Census. *See, e.g.*, The Leadership Conference Education Fund, *Factsheet: Citizenship and Legal Status Questions on the 2020 Census: Preventing a Decennial Disaster* (Aug. 28, 2017), *available at* http://civilrightsdocs.info/pdf/census/2020/Fact-sheet-2020citizenshiplegalstatusquestion.pdf; Danny Vinik, *Trump's Threat to the 2020 Census*, Politico (April 9, 2017), *available at* https://www.politico.com/agenda/story/2017/04/trumps-threat-to-the-2020-census-000404.

10. Against this backdrop, in early May 2017, news outlets reported the sudden resignation of Census Bureau Director John Thompson, effective June 30, 2017, approximately six months before the end of his extended term. *See, e.g.*, Tara Bahrampour, *U.S. Census Director Resigns Amid Turmoil over Funding of 2020 Count*, Wash. Post (May 9, 2017), *available at* https://www.washingtonpost.com/local/social-issues/us-census-director-resigns-amid-turmoil-over-funding-of-2020-count/2017/05/09/8f8657c6-34ea-11e7-b412-62beef8121f7_story.html?utm_term=.f8265e0db9f2; Michael McAuliff, *Census Director Quits Just as the Census Ramps Up*, Huffington Post (May 9, 2017), *available at* https://www.huffingtonpost.com/entry/census-director-quits_us_5911d4afe4b05e1ca201e583; Haley Sweetland Edwards, *The Head of the Census Bureau Resigned. It Could Be as Serious as James Comey*, TIME (May 12, 2017), *available at* http://time.com/4774288/census-bureau-john-thompson-resigned/.

11. The Trump Administration has not explained this abrupt resignation or nominated anyone to fill the vacant directorship. And recent reports have suggested the Administration may appoint as deputy director of the Census Bureau Thomas Brunell, a professor and author of *Redistricting and Representation: Why Competitive Elections Are Bad for America*, who has

spent much of his career advocating for partisan election engineering. Unlike past holders of this post, Brunell lacks any experience relevant to managing one of the most sweeping bureaucratic tasks of the federal government. *See* Danny Vinik and Andrew Restuccia, *Leading Trump Census Pick Causes Alarm*, Politico (Nov. 21, 2017), *available at* https://www.politico.com/ story/2017/11/21/trump-census-pick-causes-alarm-252571.  The appointment of Brunell to this key post would be a break from a history of appointing non-political, professional census directors.

12. The stakes of an accurate census could not be higher. Anti-democratic regimes thrive on the obfuscation of truth by those in power, seeking to sow confusion amongst the public and curry favor through manipulated perception rather than objective fact. They also seek to skew election results by developing election processes premised on biased or inaccurate population counts. The American public needs to know whether there has been any inappropriate interference with this most essential of democratic functions.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

14. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

15. Plaintiff Protect Democracy is an organization with 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue, NW, #163, Washington, D.C. 20006. Plaintiff's mission is to protect our democracy from declining into a more authoritarian form of government by holding the President and the Executive Branch accountable to the laws and longstanding practices that have protected our democracy through both Democratic and Republican administrations. As part of this mission,

Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. Plaintiff intends to give the public access to documents transmitted via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

16. Defendant OMB is a component of the Executive Office of the President of the United States. OMB is headquartered at 725 17th Street NW, Washington, D.C. 20503. OMB has possession, custody, or control of the documents that Plaintiff seeks in response to its FOIA request.

17. Defendant DOC is an agency of the executive branch of the federal government of the United States. DOC is headquartered at 1401 Constitution Ave NW, Washington, D.C. 20230. DOC has possession, custody, or control of the documents that Plaintiff seeks in response to its FOIA request.

## STATEMENT OF FACTS

18. Politicization of the Census Bureau or the 2020 Census poses a grave danger to core democratic principles. Indeed, interfering with the proper collection and analysis of the data that forms the basis of our representative form of government—whether by pushing out nonpartisan leadership or undermining the Census Bureau's ability to conduct an accurate survey—is a matter of extreme public concern. The public must be able to hold the Administration accountable to its responsibility to conduct a nonpartisan, accurate, and fair census. It is therefore critical to know whether there has been any political inference with the leadership or implementation of the 2020 Census.

19. To that end, on May 22, 2017, Plaintiff sent a FOIA request via email to OMB

requesting the following records for the period between January 20, 2017 and the date searches were conducted in response to the request.

1) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

2) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of Management and Budget and White House Office; and between the Office of Management and Budget and Census Bureau; regarding the 2020 census.

3) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of Management and Budget and White House Office; and between the Office of Management and Budget and Census Bureau; regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

4) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of Management and Budget and the Office of the Secretary of Commerce regarding the 2020 census.

5) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of the Secretary of Commerce and the Office of the Secretary of

       Commerce regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

   6) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of Management and Budget and members of Congress or their staffs regarding the 2020 census.

   7) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of Management and Budget and members of Congress or their staffs regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

*See* Exhibit A.

20. Also on May 22, 2017, Plaintiff sent a FOIA request via fax to DOC requesting the following records for the period between January 20, 2017 and the date searches were conducted in response to the request.

   1) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

   2) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of the Secretary of Commerce and the Executive Office of the President regarding the 2020 census.

   3) All records, including but not limited to emails, notes, and memoranda,

reflecting, discussing, or otherwise relating to communications between the Office of the Secretary of Commerce and the Executive Office of the President regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

4) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Census Bureau and the Office of the Secretary of Commerce regarding the 2020 census.

5) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Census Bureau and the Office of the Secretary of Commerce regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

6) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of the Secretary of Commerce and members of Congress or their staffs regarding the 2020 census.

7) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the Office of the Secretary of Commerce and members of Congress or their staffs regarding the resignation of former Census Bureau Director John Thompson, including the reasons for his decision to resign.

*See* Exhibit B.

21. Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or

5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibits A, B.

22. On August 9, 2017, Plaintiff received an email from DOC granting Plaintiff's fee waiver request in full and noting that Plaintiff's request had been recorded as FOIA request DOC-IOS-2017-001272 on May 24, 2017. *See* Exhibit C.

23. Plaintiff has received no acknowledgement from OMB that it received Plaintiff's FOIA request.

24. Pursuant to FOIA, within twenty business days of receipt of Plaintiff's request—that is, by June 22, 2017—Defendants were required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

25. To date, Defendants have failed to make the required determination and notifications. Defendant OMB has also failed to make a determination regarding Plaintiff's request for a fee waiver.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Defendants are in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct a search that is reasonably likely

(2)   Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

(3)   Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(1)   Enjoin Defendants from improperly withholding records responsive to Plaintiff's request;

(2)   Order Defendants to grant Plaintiff's request for a fee waiver;

(3)   Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(4)   Grant Plaintiff such other relief as the Court deems appropriate.

Date: November 29, 2017

/s/ *Benjamin L. Berwick*
Benjamin L. Berwick (DDC Bar No. MA0004)
The Protect Democracy Project
10 Ware St.
Cambridge, Massachusetts 02138
ben.berwick@protectdemocracy.org
Phone: (909) 326-2911
Fax: 929-777-8428

Justin Florence (DC Bar No. 988953)
Jamila G. Benkato*
The Protect Democracy Project
2020 Pennsylvania Ave., NW #163
Washington, DC 20006
jamila.benkato@protectdemocracy.org
Phone: (202) 751-4058
Fax: 929-777-8428

*Counsel for Plaintiff*

*Not admitted to D.C.; supervised by licensed member of D.C. Bar*